**DENIED and Opinion Filed November 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00593-CV**

**IN RE CHRISTOPHER TORRES, Relator**

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-12902**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Smith

In his June 13, 2023, petition for writ of mandamus, relator seeks relief from the trial court's May 11, 2023, order granting a motion to correct and reform the parties' mediated settlement agreement.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator's petition, however, does not comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.7(a)(2). Rule 52.7(a)(2) requires the relator to file with the petition "a transcript of any relevant testimony from any underlying proceeding, *including any exhibits offered in evidence*." *Id.* (emphasis added). Here, relator filed with his petition a transcript from the relevant underlying proceeding, but not any of the exhibits that the transcript shows were offered and admitted into evidence at the hearing. The trial court issued the challenged order based on its consideration of this evidence. Without the evidence's inclusion in the mandamus record, relator has not carried his burden.

Accordingly, we deny the petition for writ of mandamus. We also lift the stay issued by this Court's July 28, 2023, Order.

/Craig Smith/
CRAIG SMITH
JUSTICE

230593F.P05

–2–